PRODUCERS LIVESTOCK MARKETING ASSOCIATION OF SALT LAKE CITY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99706.   Promulgated October 10, 1941.

*Hadlond P. Thomas*, *Esq.*, for the petitioner.
*Thomas M. Mather*, *Esq.*, for the respondent.

OPINION.

STERNHAGEN : The claim for exemption is based upon section 101 (12) of the Revenue Acts of 1934 and 1936.[1] The important provision for present consideration is, "Such an association may market the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members." This affirmative statement necessarily implies the exclusion of the negative, so that exemption is denied to an association which markets the products of nonmembers in an amount the value of which exceeds the value of products marketed for members.

Petitioner's claim is based upon the view that all of the producers whose products are marketed by it are expected to share in profits and therefore are its members, and for this view it argues upon legislative and administrative history. The pleadings and the testimony show that more business in value and amount is done for nonstockholders than for stockholders; but petitioner says that, since the statute uses the word members and this has a different meaning from stockholders, this evidence is not as controlling as it appears to be. It says that it has always contemplated that, if ever it was in a position to declare and pay a patronage dividend, the distribution would be to everyone, proportionately to the business done, without discrimination between stockholders and nonstockholders. This, it says, is what the regulations and the legislation have been leading up to as the ground for exemption. Such a liberal application of the statute would be at variance with the condition so clearly expressed. For, if all those for whom business is done are to be regarded as

---

[1] The following organizations shall be exempt from taxation under this title—

\*   \*   \*   \*   \*   \*   \*

(12) Farmers', fruit growers', or like associations organized and operated on a cooperative basis (a) for the purpose of marketing the products of members or other producers, and turning back to them the proceeds of sales, less the necessary marketing expenses, on the basis of either the quantity or the value of the products furnished by them, or (b) for the purpose of purchasing supplies and equipment for the use of members or other persons, and turning over such supplies and equipment to them at actual cost, plus necessary expenses. Exemption shall not be denied any such association because it has capital stock, if the dividend rate of such stock is fixed at not to exceed the legal rate of interest in the State of incorporation or 8 per centum per annum, whichever is greater, on the value of the consideration for which the stock was issued, and if substantially all such stock (other than nonvoting preferred stock, the owners of which are not entitled or permitted to participate, directly or indirectly, in the profits of the association, upon dissolution or otherwise, beyond the fixed dividends) is owned by producers who market their products or purchase their supplies and equipment through the association ; nor shall exemption be denied any such association because there is accumulated and maintained by it a reserve required by State law or a reasonable reserve for any' necessary purpose. Such an association may market the products of nonmembers in an amount the value of which does not exceed the value of the products marketed for members, and may purchase supplies and equipment for nonmembers in an amount the value of which does not exceed the value of the supplies and equipment purchased for members, provided the value of the purchases made for persons who are neither members nor producers does not exceed 15 per centum of the value of all its purchases. Business done for the United States or any of its agencies shall be disregarded in determining the right to exemption under this paragraph.

*ipso facto* members, then there could be no business for nonmembers and the statutory condition is completely overridden.

According to the articles of incorporation and the bylaws, no one can be a member until he becomes a shareholder. No one can vote unless he is a common shareholder, and he must have signed all agreements and fulfilled the requirements of membership. No one can participate in the management unless he is a common shareholder. While the officers testified that there is an intention that any distribution shall be proportionate and that records are kept as data for the apportionment, there is some doubt whether there is authority for this in the articles or bylaws.

The administrative interpretation is found in Regulations 86 and Regulations 94, article 101 (12). It contains this:

An association will not be denied exemption because it markets the products of nonmembers, provided the value of the products marketed for nonmembers does not exceed the value of the products marketed for members. Anyone who shares in the profits of a farmers' cooperative marketing association, and is entitled to participate in the management of the association, must be regarded as a member of such association within the meaning of section 101 (12).

Thus the statutory word member is recognized as qualified not only by the sharing of profits but also by participation in management.

Petitioner is not supported by Mim. 3886, C. B. X–2, p. 164 (7/9/31). The paragraph which it cites must be read with its introductory clause, as follows:

However, where a cooperative marketing association has otherwise complied with the provisions of the statute respecting exemption, but defers the payment of patronage dividends to nonmembers, exemption will not be denied—

\*     \*     \*     \*     \*     \*     \*

2. Where the by-laws provide for the payment of patronage dividends to members but are silent as to the payment of patronage dividends to nonmembers, and a specific credit to the individual account of each nonmember is set up on the books of the association.

Thus the claimant for exemption must have complied with the provisions of the statute. This means that its marketing may not be greater for nonmembers than for members; and "members" means persons who share in profits and participate in management. This is made clear later in the ruling, as follows:

However, under the Revenue Acts of 1926 and 1928 farmers' cooperative marketing associations may market the products of nonmembers only in "an amount the value of which does not exceed the value of the products marketed for members \* \* \*."

Membership in a cooperative association is, generally speaking, acquired in the same manner as membership in any other stock corporation—through the ownership of one or more shares of stock. However, as heretofore stated, the statutes of a number of States provide that farmers' cooperative associations must be organized without capital stock. Therefore, as the exemption statute

is silent as to the qualifications of members in farmers' cooperative marketing associations, it follows that anyone who shares in the profits of such an association, and is entitled to participate in the management of the association, must be regarded as a member within the meaning of that statute.

It must, therefore, be concluded that in the taxable years in question the petitioner marketed the products of nonmembers in an amount the value of which exceeded the value of the products marketed for members, and that it was not entitled to exemption.

Reviewed by the Board.

*Decision will be entered for the respondent.*